FILED

2016 Jan-12  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

CV-16-AR-0051-S

1983 Form

# In the United States District Court

# For the Northern District of Alabama

2016 JAN 11  P 4: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

_TOTAL 29 pages
to include pauperis
declaration_

## MICAH MAYS #221582

○ PLAINTIFF ○

(INMATE OF A.D.O.C.)

[Enter above the full name(s) of the
Plaintiff(s) in this action]

v

1) COI McLAURIN

2) CAPTAIN KENNETH PETERS

3) COI PATTON

4) COI FIFE

[Enter above the full name(s) of the
Defendant(s) in this action]

○ 8th (EIGHTH) Amendment
, USC, "CRUEL AND UNUSUAL
PUNISHMENT(S)/TREATMENT(S)"

* Correctional Officer
beating handcuffed in-
mate.

↳ ALL ARE EMPLOYEES OF THE
Alabama Department of Corrections.
○ A.D.O.C *

1. Previous lawsuits

   A. Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved
      in this action or otherwise relating to your imprisonment?      Yes ( )      No (X)

   B. If you answer to A. is "yes", describe each lawsuit in the space below. (If there is more than
      one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same
      outline.)

      1. Parties to this previous lawsuit

         Plaintiff(s): _____

         Defendant(s): _____

      2. Court (if Federal Court, name the district; if State Court, name the county)

         _____

         Docket Number _____

         name of judge to whom case was assigned

5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

_____

_____

6.  Approximate date of filing lawsuit _____

7.  Approximate date of disposition _____

II.  Place of present confinement ST. CLAIR PRISON; SPRINGVILLE, ALABAMA -35146-

A.  Is there a prisoner grievance procedure in this institution?

Yes ( )    No ☒ Never has been.

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ( )    No ☒ No such monster here at St. Clair.

C.  If your answer is YES:

1.  What steps did you take? _____

_____

2.  What was the result? _____

_____

D.  If your answer is NO, explain why not? There has never been any way to file grievance at St. Clair Prison. (NOT THAT I'M AWARE OF)

III.  Parties

In item A below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of plaintiff(s) MICAH MAYS #221582, inmate of A.D.O.C. stationed at St. Clair Prison address.

Address Micah Mays #221582, S.C.C.F. Segregation Unit, 1000 ST. CLAIR ROAD; SPRINGVILLE, ALABAMA, 35146 —

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant _Correctional Officer Mc Laurin_

Is employed as _Correctional Guard, Ala. Dept. of Corr._

at _St. Clair Prison, Springville Alabama 35146_

C. Additional Defendants _Captain Kenneth Peters, Co I Patton,_
_Co I Fife,_
_(These are correctional officers at St Clair Prison_
_Alabama Department of Corrections)_

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include, also, the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

\* Please see the attached additional pages —

\* Correctional Officer Mc Laurin came to my cell door while I, Mays, was hand cuffed behind my back and did brutally VISCIOUSLY BEAT ME, MAYS, ABOUT THE FACE AND HEAD AREA OF MAYS BODY UNTIL MAYS WAS UNCONSCIOUS.

\* The last 3 (three) Defendants Peters, Patton, and Fife were all aware and/or present while beating was occurring but did nothing to prevent NOR IMPEDE SAID ATTEMPTED MURDER, ASSAULT FIRST DEGREE.

☀ IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION ☀

● MICAH MAY 221582 )
    ○ PLAINTIFF ○        )
                          )
    Vs.                   )
                          )
● 1)  CO I McLAURIN      )
● 2)  Captain Kenneth Peters )
● 3)  CO I PATTON        )
● 4)  CO I FIFE          )
    ○ DEFENDANT(S) ○     )

● CIVIL ACTION CASE NUMBER:

{to be supplied by Court Clerk}

22 additional page(s)
p. 1 of 22

- - - - - - - - - - - - - - - - - - - - - - - -

✱ ADDITIONAL PAGE(S) ATTACHED TO 42 USC § 1983 FORM ✱

○ APPEARS NOW THE PLAINTIFF, MICAH MAYS (herein after
MAYS) PRO SE, humbly and respectfully requesting that this Hon-
orable Federal District Court of Alabama INTERVENE and
subsequently allow incarcerated inmate, Plaintiff MAYS,
Alabama Department of Corrections (herein after A.D.O.C.)
prisoner I.D. #221582, to pursue civil litigation against
state agent Defendant(s) #1, #2, #3, and #4 that by
their action(s) and/or inaction(s) committed state
torts of Assault, Alabama Code 1975 § 13A, and Maltreat
ment of Prisoners, Alabama Code 1975 § 14, AND FURTHER
did violate the federally mandated civil rights
afforded incarcerated American Citizens by said
defendant(s) #1, #2, #3, #4 by their action(s) and
or inaction(s) physically beat Plaintiff Mays
VISCIOUSLY, MALICIOUSLY, CRUELLY about the face
and head areas of Plaintiff Mays body, attempting

(1)

{ NEXT→
{ page #1 of 22

(continuation of introduction from previous page)

... to maim, injure, and/or KILL Plaintiff Mays because MAYS had been and was wearing wrist restraints made of steel and chain, known as handcuffs, and these were locked into position BEHIND PLAINTIFF MAYS BACK (back of body), when Defendant(s) #1, #2, #3, and #4 through their action(s) and/or inaction(s) did, while physically beating Plaintiff Mays ~~were~~ restrained behind back, did intentionally, maliciously, and visciously beat inmate, Plaintiff Mays, head into the concrete block wall of cell until MAYS was unconscious, not moving.

## * INCIDENT-RELEVANT FACTS THEREOF *

1. Plaintiff Mays is incarcerated at St Clair Prison Springville, Alabama 35146.

2. Plaintiff Mays is confined in the segregation area of St Clair prison for allegedly assaulting D.O.C. Co I MCLaurin a few months ago.

3. On Wednesday, December 23, 2015, Plaintiff Mays went to the segregation review board to petition administration orally for release from segregated confinement as the charge(s) against Mays, were unreliable, unfounded, and a desperate attempt of Co I MCLaurin to name an inmate for the assault on Co I MCLaurins person, by several inmates.

4. Co I MCLaurin, not normal posting to be inside segregation area (Co I MCLaurin is normally a population, general population, guard posted at traffic ways of inmates →

( NEXT →
( page #2 of 22

(2)

( MAYS v. McLAURIN )
January 2016

(3)

Page 3 of —
NEXT →

continuation of "facts", #4 ... as segregation officers
are usually A.D.O.C. employees with more ex-
perience to operate well with high security in-
mates.

#5. Inmate Joseph Agee #275782 was present at the
segregation review board also on Wednesday 23, 2015,
and did begin verbally arguing with CoI McLaurin
in front of Captain Kenneth Peters, administrative
commander of segregation unit, concerning CoI
McLaurin lying at a disciplinary hearing that con-
victed inmate Agee #275782 of an A.D.O.C.
Rule Violation.

#6. At end of segregation review board meeting the
Plaintiff Mays did request that CoI McMillan
BAR CoI McLaurin from escorting Plaintiff Mays
and inmate Agee #275782 to the assigned living
areas of both because of the restraints, hand
cuffs, there would be no way possible to defend
against an assault and CoI McLaurin was very
angry at inmate Agee #275782 and Plaintiff
Mays.

#7. As inmate Agee #275782 passed the segrega-
tion shift office CoI McLaurin leaps out at
inmate Agee #275782 physically grabbing Agee
#275782 and tussling/wrestling attempting
to pick inmate Agee #275782 up and slam him
into the concrete sidewalk. Albeit handcuffed
Agee #275782 managed to stay ~~stay~~ standing

(3)

NEXT
page #3 of 22

CONTINUATION OF FACTS #7 (previous page 3) #7. ---... long enough for normal operations Correctional Officers of Segregation Unit CoI Patton and CoI Fife break up the entangled two, Agee #275782 and CoI McLaurin.

#8. CoI Patton and CoI Fife continued to escort the handcuffed inmates Agee #275782 and Plaintiff hereof Micah Mays, MAYS, without notifying the A.D.O.C. supervisers that CoI McLaurin had just attacked inmate Agee 275782.

#9. Once inside the hallway of the handcuffed inmates, Agee #275782 and MAYS, Plaintiff, CoI McLaurin again shows up angry and argumentative with the 2 (two) handcuffed inmates, supra, CoI Patton did speak to CoI McLaurin in a loud clear voice directing the statement to CoI McLaurin to leave CoI Patton and CoI Fife to the "business" of putting up the handcuffed inmates, supra, ** "putting up means = escorting from hall-way to individual cell **

#10 CoI McLaurin lingers back in hallway at first but does rush down steps of housing unit to floor of cells, #12, Agee #275782, and refuses CoI Patton and CoI Fife statements to leave, do not bother inmate Agee #275782, CoI McLaurin then grabs Agee 275782 and shoves Agee 275782 to the ground, concrete floor, CoI Patton and CoI Fife again break up the entanglement and fend off CoI McLaurin for a second occurrance

page 4 of 22 NEXT →

( MAYS / McLaurin )
{ January 2016 }

⑤

{ NEXT →

° ( continuation of Facts ) °

#11 - Co I McLaurin now charged with energy and very angry at the Co I Patton and Co I Fite for not letting Co I McLaurin have McLaurins way, Co I McLaurin steps 3 (three) cells down to #9 (nine) cell where Plaintiff Mays is waiting inside cell, for door to close, removal of hand cuffs. This does not happen. Co I McLaurin enters #9 cell where Plaintiff Mays is waiting ( Mays still <u>handcuffed</u> <u>behind</u> <u>his</u>, Mays, <u>back</u> ) ° Officer McLaurin grabs Mays by the shoulders and shoves Mays to the ground, a concrete floor of cell, when Mays attempted to stand up erect Co I McLaurin began punching Mays in the head area of Mays body with Co I McLaurins closed fists. Co I McLaurin hammered blows into Mays face and head area repeatedly until Mays began to swoon at that point Co I McLaurin grabbed Plaintiff Mays by the head and began pounding Mays head into the concrete block wall of the cell until Mays was unconscious.

#12. Plaintiff Mays awoke inside the St. Clair Prison infirmary in the DENTIST OFFICE, in a patient chair, having the lower lip of Plaintiff Mays stitched, by needle and thread, by said Dentist of St. Clair Infirmary. The Dentist examined Mays teeth and found a front side molar ( behind fang tooth ) on left side had been cracked badly during the assault. ⑤

NEXT →
{ page #5 of 22

#13. Plaintiff Mays has trouble eating, sleeping, or carrying out normal life activities without feeling pain in his head and neck area, mouth, and migraine like headaches are so bad they are blinding his vision for moments at a time. Mays mouth is uncontrollably popping sounds. The physical pain is intensified by Mays not trusting Corrections when handcuffed; sleep is disturbed with horrible nightmares of being beaten by police officers.

*** Defendants #1, #2, #3, and #4 are all employees of the Alabama Department of Corrections (herein after A.D.O.C.) working at St Clair Prison:
** Address: → St Clair Prison Administration —
1000 St. Clair Road
Springville, Alabama 35146 —

* DEFENDANT #1, CORRECTIONAL OFFICER ONE MCLAURIN — (herein after CO I McLaurin)
* This Corrections officer has seniority of approximately 1 (one) year and has been routinely involved in altercations with inmate(s) of St. Clair Prison. This C O I has attitude and character issue(s), mentally inept, and without question is a prime canidate for ANGER MANAGEMENT courses.
© This COI did take the "OATH", Alabama Code 1975 §14 (INSTITUTIONALIZED PERSON(S) ACT-), AND DID IN FACT PREVARICATE, MISREPRESENT, AND DISHONOR SAID OATH CO I McLAURIN HAD GIVEN BECAUSE CO I McLAURIN did commit, intentionally, with malice aforethought the CRIMINAL ACT, A VIOLATION OF ALABAMA CRIMINAL CODE 1975 §13A, Attempted Murder, ASSAULT IN THE

next page
page 6 of 22.

⑥

( MAYS v. McLaurin )
( JANUARY 2016 )

CONTINUATION OF "Defendants", #1 - McLaurin, previous page ) :
* DEF. #1 McLaurin : ... FIRST DEGREE, 2nd Degree, and 3rd Degree.
( • District Court of Alabama is AUTHORITY TO PRONOUNCE CRIMINAL ACTIVITY
Plaintiff Mays humbly and respectfully points to choice(s) that the elemental
ingredients of activities perpetrated by McLaurin upon Mays activates a
host of crimes, criminal offenses, as defined by the Code of Alabama 1975
§13A (CRIMINAL CODE). BECAUSE SAID McLAURIN did, with NO AUTHORITY
TO DO SO TAKE COMPLETE ADVANTAGE of McLaurins status as:
CORRECTIONS OFFICER, STATE AGENT OF A.D.O.C, ALABAMA EMPLOYEE,
AN OFFICER OF THE LAW, SWORN TO UPHOLD SAID LAW, VIS-
CIOUSLY, MALICIOUSLY, VINDICTIVELY, and with MALICE
AFORETHOUGHT CRIMINALLY, SAVAGELY, WITH INTENT TO
TAKE THE LIFE and/or permanantly affix bodily damage upon a
human being under the direct care, guardianship and/or super-
vision of said Defendant #1 Correctional Officer McLaurin
while said human being, MAYS the Plaintiff hereof, was
bodily restrained, MAYS hands tied, by steel braclets, BE-
HIND MAYS BACK obvious to anyone MAYS was in a
submissive position and in compliance with all A.D.O.C.
rules and regulations by MAYS waiting for Corrections
Officers inside MAYS assigned housing unit cell,
compartment, when the ~~xxxxx~~ murderous assault
occurred.
    ○ Defendant #1 McLaurin had been requested to
keep "hands off" the restrained inmates, Agee #275782
and instant Plaintiff Micah Mays, AND requested to
leave the area ~~were~~ where said inmates were cur-
rently present during the events leading up to and
the attempted murder of MAYS by Corrections
Officer One (CO I) PATTON not once but at least
3 (three) individual times these requests were
made to CO I McLaurin, defendant #1 hereof,

Continuation of "1 Defendant McLaurin from previous page #7) — — —
... AND CO I McLaurin, Defendant "1 hereof, ABSOLUTELY
OUTRIGHT, REFUSED said requests made by fellow CO I Patton,
defendant #3 hereof, by McLaurins ACTION (s) and/or INACTION(s).
   ** At no time is COI McLaurin authorized by law to physical-
ly assault an inmate of A.D.O.C. when the inmate is retrained by
shackles, hand bracelets (made of steel and steel chain links) behind the
back, submissive/defenseless position AND said inmate is in com-
pliance with all A.D.O.C. rules and regulations awaiting the
corrections officers inside the inmates CONCRETE AND STEEL
half underground cell, assigned housing unit. Most cer-
tainly CO I McLaurin, defendant #1, is NEVER TO ATTEMPT
the MURDER of said restrained inmate by physically
grabbing, with McLaurins bare hands the head of nearly
unconscious, restrained inmate Mays, that COI McLaurin
had caused said near unconsciousness of by grabbing, with
the bare hands of CoI McLaurin, defendant #1, the exposed should-
ers of restrained inmate Mays, AND DID THROW, SLAM, by
physical force and/or power of Co I McLaurin, Defendant #1, the
restrained inmate MAYS, to the CONCRETE FLOOR,
INJURYING MAYS badly, continuing the assault fur-
ther by using COI McLaurins bare hands, balled into "hammer-
like" fists, visciously hammer fists into Plaintiff MAYS
FACE AND HEAD thereby causing MAYS to mental con-
fusion, near unconsciousness, and/or swooning of which
expelled the physical energy of MAYS witnessed by, re-
cognized by CoI McLaurin, crazed defendant #1 hereof,
AND IMMEDIATELY, VISCIOUSLY, MALICIOUSLY taken ad-
vantage of by CO I McLaurin that did then grab MAYS
by head of MAYS body and slam, bouncingly, INHU-
MANELY, CRIMINALLY SAID HEAD OF MAYS UNTIL
MAYS UNCONSCIOUS AND severely beaten blacked out.

⑧

CONTINUED FROM PREVIOUS PAGE 8, DEFENDANT(S) : ) Defendant #1, CO I McLAURIN know the actions/inactions performed by him, McLaurin, were wrong, criminal, therefore CO I McLaurin IS NOT IMMUNE FROM LIABILITY, CRIMINAL NEGLIGENCE, and/or GUILT. Plaintiff Mays humbly offers unto this Honorable Federal District Court that once CO I McLaurin had smashed the Plaintiffs head of body, which does protect the vital organ "The BRAIN" a necessary organ for sustaining LIFE of Mays, CO I McLaurin made a CONSCIOUS, ORGANIZED, INTENTIONALLY formed thought to smash MAYS head of body into the CONCRETE BLOCK WALL AGAIN AND AGAIN AND AGAIN → This is why Plaintiff Mays offers as "state tort" the CRIMINAL CHARGE/OFFENSE of Attempt to commit MURDER, Attempt to commit manslaughter, and Attempt to commit NEGLIGENT HOMOCIDE, AND MAYS does also offer the lesser included offenses of ASSAULT in the degrees listed pursuant the criminal code of Alabama 1975, and Code of Alabama 1975 §14 "Maltreatment of Prisoners".

    ○ Plaintiff Mays offers to this Honorable Court that MAYS suffers intense pain after the TORTUROUS ASSAULT on his, MAYS, physical body especially the FACE, NECK, and HEAD AREAS. MAYS has severe pain when attempting to turn head from side to side, open or close mouth, bend head back or down, MAYS face is full of bruises, black and blue, with lumps underneath skin of face and head in approximately 32 (thirty-two) specific spots. MAYS suffer painful tooth injury. MAYS suffers a split in MAYS face, at area of mouth, that called for the immediate OUTPATIENT SURGERY KNOWN AS STITCHING OF EPIDERMIS threads of NYLON/SILKS, by use of needle, SEWN above split of skin, near mouth, and beneath the split of skin allowing for skin to be pulled back together (which will leave irreparable/permanent damage to Plaintiff Mays face area, A LARGE SCAR) closing the split of skin. Once the local anesthesia wears off the

(CONTINUATION OF DEFENDANT #1 MCLaurin from previous page #9) --
area of face near the split/sewn up area will be very tender, swollen,
and painful for weeks. MAYS can not perform any of lifes normal
dauly activities without feeling pain from one of the several injurys
caused by CO I McLaurin. MAYS also sufferred bruising on
MAYS back, legs, scraps of skin lost, scratches, from the initial
phase of the assault by CO I McLaurin of throwing MAYS to the
concrete floor.

— Defendant #2, CAPTAIN KENNETH PETERS, is an A.D.O.C.
employeed at St. Clair Prison, address above, that is the Segrega-
tion Unit Commander and does have APPROXIMATELY 25 (twenty-
five) calender years seniority. Captain Peters is also a veteran
of the United States Military and has served in combat regions
overseas and abroad. Captain Peters is approximately 50 (fifty)
years old and is a DISTINGUISHED A.D.O.C. employee that
was officially recognized by AWARDS from A.D.O.C. of
being SERCURITY OFFICER of THE YEAR for the entire
State of Alabama in 2014-2015. Captain Peters is
highly intelligent and ANYONE that is around Captain Peters
for more than 10 (ten) minutes will witness his,
Captain Peters, EXCEPTIONAL, ABOVE AND BEYOND
NORMAL, eye for detail, spotting out of place/out of
character/out of the ordinary objects and/or situations.
*** Captain Peters, defendant #2, knew that CoI
McLaurin and inmate Agee #275782 were arguing
violently — Captain Peters witnessed this for himself,
Capt Peters, defendant #2 hereof.
    Captain Peters as segregation unit commander had the
official duty to PROTECT: BOTH INMATE AGEE #275782
AND COI McLAURIN from verbal/physical assault.
Captain Peters KNEW WITHOUT QUESTION that there

⊕ → WAS AN IMMEDIATE THREAT TO THE SERCURITY OF THE SEGREGATION UNIT AND DID NOTHING to change, alter, nor block said threat. This blatant INACTION is a direct deriliction of duty on the part of STATE AGENT. Captain Peters, defendant #2, remained deliberately indiffrent to said threat and this is, all above for Defendant #2, Captain Peters, contributory negligence to the criminal assault on inmate Micah Mays Plaintiff hereof;
** Captain Peters, Defendant #2, KNEW THAT HIS, PETERS, INACTION was WRONG and did place human beeings under his supervision in jeopardy of mental and physical injury. CAPTAIN PETERS, Defendant #2, WILL ADMIT TO ANYONE AND EVERYONE the FACT, The absolute and completely honest fact, that at St. Clair Prison, if a person does not handle a situation/problem himself, by Captain Peters own power of physical force, that said problem/situation WILL NOT BE HANDLED PROPERLY and/or the said problem/situation will not be handled at ALL.
** If Captain Peters, defendant #2, is questioned during the taking of personal affidavit of Captain Peters, defendant #2 hereof, he, said defendant #2, WILL ANSWER honestly, WITH INTEGIRITY, PROFESSIONALLY that Captain Peters, defendant #2, had a job to do and did not do it, BY'S
* Defendant #2, witnessing a verbal altercation between 2 (two) humans under his, Captain Peters direct supervision AND SAID captain Peters did absolutely nothing to amend, alter, change and/or block said altercation escalating.
Captain Peters is guilty of contributory negligence, diel aid and/or abet, was complicit in the criminal offense committed by Captain Peters subordinate Corrections Officer Defendant #1, Co I McLaurin, of Attempted Murder, Attempted Manslaughter, Negligent Homicide, or the lesser in€ NEXT →

⑪.
{ page 11 of 22

(•Defendant #2 Captain Kenneth Peters continued from previous page #IL)8
— ...OR THE LESSER INCLUDED CRIMINAL OFFENSE(S) of ASSAULT,
all degrees pursuant §13A, <u>Alabama Code 1975</u>, and §14, <u>Ala Code 1975</u>,
"<u>Maltreatment of Prisoners</u>", defendant #2, Captain Kenneth Peters,
the segregation unit Commander, **is** also guilty of violating the
federally mandated civil rights of Micah Mays Plaintiff Hereof,
because incarcerated American, Alabamian, Citizens, specifically Plaintiff
Mays, are guaranteed by the United States Constitution (U.S.C.)
Amendments thereto specifically Amendments 4 (<u>unlawful seizure</u>) 5,
(<u>DUE PROCESS</u>) 6 (fair and impartial hearing before punishment of in-
carserated see: Wolf V. McDonnell _ US _ (1975)) 8 (NO CRUEL <sup>and/or</sup>
UNUSUAL PUNISHMENTS INFLICTED. NO TORTURE TYPE PUN-
ISHMENTS ⊕ see: HOPE V. PELTZER _ US _ (2003) concerns Ala-
bama D.O.C. inflicting cruel punishments TORTURE and the U.S.
Supreme Court finding A.D.O.C. violated rights of incarserated
     "These types of punishments will no longer be tolerated
and immunity for said acts NOT granted." Alabama has
been REPEATEDLY WARNED ... (not verbatim but is the
thrust of the opinion of court) —(EMPHASIS ADDED).
Further — the 14 (Equal Treatment / Due Process and
Rights GUARANTEED) to American Citizens EVEN THE
INCARSERATED) also the Alabama Constitution 1901
ART I §§1-25, <u>Alabama Code 1975</u> §14(institutionalized
persons Act) and the Alabama Department of Corrections
Standard Operating Procedures, Rules and Regulations,
(AR 403, etc...).

<sup>#</sup> DEFENDANT(S) #3 and #4, CO I "Patton and CO I
~~FIFE~~ FIFE, ADOC/EMPLOYEED at St Clair Prison —
address above. Both defendants #3 and #4 are defined
for this Court at the same time **as** their, defendant(s)
#3 and #4, ACTION(S) and INACTION(S) routed the   NEXT

(12)

(MAYS v MCLAURIN)
7 JANUARY 2016

(continuation from previous page Defendant's 3, 4, Patton/Fife): - -
— criminal activity of CoI McLaurin, defendant #1, that pertrated the assault,
attempted murder of Plaintiff Micah Mays hereof, Defendants Patton and Fife —
Corrections Officers with seniority of approximately 25 (twenty-five) year
for CoI Patton, Defendant #3, and approximately 5 (five) years for Defendant
#4, CoI Fife.
   ○ Patton/Fife **are** both experienced segregation unit officers
having spent the majority of their, defendants #3/#4, supra, ex-
periences at St Clair Prison "Seg" (segregation) Unit working
with SPECIAL MANAGEMENT INMATES to include but not
limited to protective custody inmates that for whatever reason
necessitate "special" protection.
   ○ Micah Mays, inmate Plaintiff hereof, did wARN, NOTIFY,
AND ASK/REQUEST the assistance of CoI McMillian (not
included as Defendant hereof for present time) to BAR
CoI McLaurin, Defendant #1, from escorting restrained
inmates Agee #273782 and Micah Mays Plaintiff hereof,
— BECAUSE of the verbal altercation at seg board meet-
ing where Captain Kenneth Peters, Defendant #2, was pre-
sent, between Agee 373782 and CoI McLaurin (explained
earlier in this complaint) Micah Mays, plaintiff was
worried due to CoI McLaurins anger/threatening ges-
— tures and the fact of being in submissive position
defenseless, **restraints** tij ing hands behind **back** with
steel bracelets;
   — The defendant(s) 3/4 Patton/Fife knew this had
occurred but did NOT PERFORM "SPECIAL CARE"
SERCURITY heightening the level of protection for the
defenseless inmates in their, both defendants 3/4, supra,
direct supervision and/or custody. These 2 (two) defen-
dant(s), #3 and #4, had 2 (two) lives, human beings,
Agee #273782 and Plaintiff hereof MAYS → ( NEXT →
(13)
( page 13 of 22

CONTINUATION OF Defendant(s) 3/4 from previous page #13) --

IN THE SPECIFIC, DIRECT, SERCURITY that Defendants Patton
and Fife, #3 and #4 hereof, were responsible for.
* IN the first few seconds, approximately 30 (thirty)
seconds Co I McLaurin, def. #1, steps out from shift office
building to grab inmate Agee #273782, that was restrained
and in defenseless position, being escorted with Plaintiff
hereof Micah Mays, by Defendant(s) #3 and #4, and did
begin wrestling/tussling match between Co I Mc
Laurin and Agee, where McLaurin was attempting to hold
Agee in position in order to pick Agee's body up off the
ground and onto the concrete sidewalk. Be-
fore the "slamming" (a basic move of corrections offi-
cers to put inmates to ground or "UP" there) the
ESCORT OFFICERS FIFE AND PATTON (defendants here -
of #3 and #4, did manage to seperate the 2 (two) wrestling
and REQUEST fellow officer McLaurin (REQUEST MADE
BY PATTON) to NOT PUT HANDS ON INMATES IN THE
ESCORT. Again, in the hallway to the UNIT
BUILDING that Agee #273782 and Plaintiff MAYS
were at the time, December 23, 2015, Wednesday,
(inmates are moved around cell to cell frequently in Seg)
Day of segregation review board meeting, assigned
Living quarters, compartments, and/or cells, the
Co I McLaurin, def. #1 hereof, was requested to leave
the area and let Patton and Fife, def #3 and #4,
attend to the business of escorting inmates
inside unit further to their, Agee and Mays
cells by Co I Patton, but McLaurin denied re-
quest and continued to follow both escort
officers Patton and Fife with inmate Agee
#273782 at cell #12 then unexpect-
antly attacked (it Agee 273782 (page #14 of 22

continued from previous page #14, Def 3/4 ) :
- where wrestling match occurred again between McLaurin and Agee. McLaurin aggressively handles Agee #27382 and Patton and Fite, Def 3 and 4, break it up again.
 * This time CoI McLaurin took advantage and while both Patton and Fite were unrestraining inmate Agee #273782 at cell #12, CoI McLaurin did with intent to commit felony assault rushed in #9 cell where Plaintiff Mays was anxiously waiting for either Patton or Fite, def. 3,4, to unrestrain and close the cell door of Mays. The events that transpired next are well defined earlier on in this complaint but CoI McLaurin does in fact physically, brutally, torturously beat, with McLaurins bare hands into the face, head area of Mays then beat Mays head into wall using severe and utterly excessive force.
   Defendants #3 and #4, Patton and Fite, are contributorialy Negligent, assisting in the assault as aiders and abetters, COMPLICIT IN THE ACTION(S) of CoI McLaurin, def #1, that visciously assaulted Mays, nearly Killing Mays.
   * The action(s) and inaction(s) of defendants #3 and #4 include but are not limited to the following NEGLIGENT, deliberately in diffrent, ACTS-OR INACTIONS —
    - A) DID NOT REPORT CoI McLaurin after FIRST ASSAULT UPON RESTRAINED INMATE AGEE 273782 at shift office wrestling match.
     B) DID NOT RADIO OR YELL (were in SPEAK-ING distance of shift office (security command center for Seg Unit) FOR ASSISTANCE TO ——> ( NEXT→
                  (15)                                    p. 15 of 22

DEFENDANT(S) 3 and 4 continued –

B) RESTRAIN/BLOCK/IMPEDE C.o I McLaurin from following escort of inmates that were restrained and McLaurin had just attacked.

C) CoI Patton (25 years seniority) and CoI Fife (5 years seniority) have the experience/knowledge to handcuff and arrest "Citi-zens' Arrest" CoI McLaurin because McLaurin assaulted a RESTRAINED, SUBMISSIVE, and/or defenseless position inmate Agee #273782 at Shift Office of Seg Unit IN FRONT OF WITNESSES. Both defendant(s) 3 and 4 KNEW that they, 3 and 4, are police officers, State Agents with a badge, AND BOTH 3 and 4, DID VIOLATE the OATH taken to receive said badge. in allowing McLaurin, a fellow CoI, to continue said abuses stated above and throughout.

D) At second altercation, verbal, in hallway of living unit there is a 3rd (third) officer now present that can assist Patton and Fife, def 3 and 4, in barring RESTRAINING/IMPEDING CoI McLaurin this officer IS EVER PRESENT in Unit Hallways – Always paying very close attention to the escorts bringing in inmates. This is the CUBICLE OFFICER, observation cubicle for the living unit, there is one for each end of the long hallway. One observation cube has the electronic push button panels that open/close UNIT DOORS and the individual cell doors. The observation cube has 3 (three) large windows JUST FOR THE HALLWAY ob-servation and 9 (nine) for the INSIDE OF UNIT where individual cells are.

* Upon arriving at Hallway escort officers request cube officer to open the unit door.
At this point, DISCRETELY, if need be – Patton #3 and Fife #4 could of asked for assistance, Reported to supervisers, con—

(Defendant(s) 3 and 4, continued)
McLaurins behavior and need to BAR, RESTRAIN, IMPEDE
McLaurin from restraint hearing, submissive, and defenseless
inmates in the care of sercurity that is suppose to
protect them from Assaults & Attempted Murders.

° E) AGAIN, inside the Unit now where the individual
cells are Patton #3 has requested McLaurin #1 to
not put McLaurins #1 hands on restrained in-
mates and also requested McLaurin #1 LEAVE
THE AREA. These requests were ABRUPTLY
denied by McLaurin #1 and McLaurin #1 con-
tinues to on to assault, attempt to Murder, re-
straint hearing, submissive, defenseless in-
mates, one, MAS in full compliance with
A.D.O.C. rules and regulations waited inside
assigned cell for ASSISTANCE, to be UNRE-
STRAINED, only to have McLaurin #1 RUSH
THE CELL OPENING and commit savage, murder-
ous criminal acts upon MAS.

F) whether the defendant (s) 3 and 4 are worthy
of the words integrity and honor will be sin-
cerely the choice they have as men. The re-
sponsibility they shared and obviously FAILED
horribly at goes not just to UNPROFFESSIONAL
ad.hoc AMATUER guard manship but to the
essence of cowardly manners, character,
of feeble caucassions scared to death of
a raging black police officer
These two defendants Patton 3 and
Five 4 could not encourage themselves

17 of 22

enough to REPORT McLaurin #1 to superviser
or other Correctional Officers to assist in
McLaurins restraining.
OR were the defendants 3, 4, Patton and
Fite involved from the beginning?
There is one piece of information the orche-
strator of this complaint has not given this
Honorable Fed Dist Ct of Ala. Forthwith...

• The Defendant(s) #1, #2, #3, and #4, by the
numbers #1) McLaurin, #2) Peters, #3) Patton, and
#4) Fite - all severally and/or jointly (in part)
violated federally MANDATED civil rights
of Micah Mays, Plaintiff hereof, subsequently
violating State Granted Civil Rights and laws
of Alabama, Code 1975 §14, specifically de-
signed to protect incarserated inmates
against GOVERNMENTAL, STATE AGENT(S)
(ABUSES to include but not limited to
(UNCONSTITUTIONAL LIVING CONDITIONS -
(UNCONSTITUTIONAL PUNISHMENTS INFLICTED.
Done for the very purpose of causing damage, per-
menant damage to human inmates physical body
and/or DEATH.
* REPEATED HAMMER-LIKE BLOWS TO
THE FACE AND HEAD OF A DEFENSELESSLY
RESTRAINED HUMAN BEING WILL CAUSE
DEATH it does not take a genius to figure
that out nor does it take a professor of physics
to know sercurity is breached and necessary
CAUTION AND CARE, ADDED SERCURITY MEASURE

MUST BE made / taken by senior officers that witness uncharacteristically UNIQUE situation(s) such as 2 (two) inmates being served with INDICTMENT(S), WARRANT(S) from St Clair County Judicial Officials stating Grand Jury accuses same 2 (two) inmates of Assault upon Co I McLaurin a few months ago. McLaurin is being accused of Lying on the 2 (two) inmates, both are angry, you know one is right and wants revenge. Captain Peters, security person of the YEAR for A.D.O.C, DOES NOTHING ? ? ?!

Two corrections officers with experience enough to be considered "PROFESSIONALS" at their jobs with A.D.O.C, do not know how to handle the situation with Co I McLaurin enough to REPORT McLaurin to supervisors, Radio / Request "back-up" → more correctional officers → AND/or USE 3rd officer present in Hallway & Observation cube DISCREETLY to call for help — assistance — DISCRETELY REALLY?? — OR did all police bounded brothers that drink from the same "Fellowship" against cri- minals" cup fall back to the I don't know what happened / Did not see a thing / → — NO INCIDENT REPORTS AVAILABLE concerning the ARREST / DETAINMENT of Co I McLaurin by ANY of the Corrections Staff at St Clair Prison, NOR from the St Clair County Sheriffs office ——→

The Administration of St Clair Prison will be added to this civil suit later if this Hon. Fed Dist. Ct. will allow it for the failure of said officer(s) WARDEN I, WARDEN II, WARDEN III (highest) Mr Estes, and the Captain of over all sercurity Captain Malone, for not contacting the St Clair County Sheriffs Office and charging CoI McLaurin with Assault of an inmate, Assault of a RESTRAINT bearing, submissive, and defenseless human being- Micah Mays.

* There will be evidence in this civil suit that are document(s) of Kangeroo Courts of A.D.O. C, disciplinary convictions against Micah Mays that are INFLAMMATORY and for the most part misleading, because Warden III Estes received the APPEAL of said disciplinary conviction AND KNOWS WITHOUT QUESTION Correctional Officer McLaurin DOES NOT KNOW WHICH INMATE STABBED HIM, McLaurin, with homemade Knife, but it obviously could not have been Micah Mays Plaintiff hereof AND WARDEN III ESTES KNOWS THIS AND PLAINTIFF MAYS will show this Honorable Dist. Fed. Court of Ala. * IF THE DEFENDANT(S) are ignorant enough to admit those document(s) as evidence herein → Corrections Officer McLaurin misrepresented the actual fact(s) at the disciplinary hearings of Agee #273782, and Plaintiff Mays.

      * Next Page Please   ————

                    (20)

                                    20 of 22

(Matrix of the children)        (24)                        Page 21 of 22
                                                                END
} January 2016 )

→ REQUESTED RELIEF ←

→ 1. TRIAL BY JURY, Fed R. Civ. Proc. at Demand of Plaintiff.
Plaintiff Mays demands Jury Trial and Plaintiff Mays requests
that said jury set the monetary damage awards below:
° Compensentor → Each Defendant #1, #2, #3, and #4 are to pay to the
  ° Plaintiff Micah Mays DIRECTLY cash in the amount of 50,000
  (fifty) thousand) to 100,000 (one hundred) thousand dollars (US currency)
  ° Defendants are to pay this amount: SEVERALLY →
  ° Punitive Damage(s) - - the defendant(s) #1, #2, #3, and #4
are to pay to the Plaintiff MAYS DIRECTLY - CASH the monetary amounts
of ° A) DEFENDANT #1 MCLAURIN → is to pay 200 to 250 thou-
sand US dollars ( two hundred to two hundred fifty thousand dollars US currency)
  B) Defendant #2 Captain Kenneth Peters is to pay 5,000 to 10,000
five to ten thousand dollars US Currency)
  C) Defendants #3 Patton and #4 Fife are to be 100 to
150 THOUSAND DOLLARS ( one hundred to one hundred and fifty thousand
dollars US Currency) AMOUNT TO BE PAID JOINTLY.
  * All amounts are to be paid DIRECTLY to Plaintiff Micah Mays
in Cash, All amounts are to be paid SEVERALLY - each
individual responsible for own payment EXCEPT at Punitive
Damages: Defendants 3, 4, 100 to 150 thousand dollars is to be paid
JOINTLY by said 3 and 4 defendants.

 - Declaratory Judgment - Fed. R. Cr. Proc.
    Honor. Court of US Fed Dist, N. Dist. of Ala.
   please find and ORDER.
     * Alabama Department of Corrections (A.D.O.C.)
     is to immediately release and then BAR FROM
     FUTURE EMPLOYMENT Correctional Officer Mc-
     Laurin for violating rights of Micah Mays.
        Further ordering that the St Clair County
     Sheriffs Department to investigate the events
     herein and make appropriate arrests. 1 of 22

(22)

Further, Plaintiff Micah Mays
saith not . . .

• I, Micah Mays, certify under penalty
of perjury that the above stated facts
are true and correct (pages 1-22
of instant Additional Pages of 42USC§1983
FORM AND the 4 (four) pages of 42USC§
1983 FORM itself proper) to the best of
my understanding and ability.

• Done this the 8th day
of January 2016.

                              • Respectfully,
                                Micah Mays pro se

(* Affidavit of Merit
 & Haines V Kerner — US - (1970) S.C.I.F. SEGREGATION A-1
• pursuant 28 USC §1746      • Micah Mays #221582
                              1000 St Clair Road
                              Springville, Alabama
                                         35146

(22)                                    1822

N/A (see: attached additional pages)

V. RELIEF

State briefly *exactly* what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

○ Plaintiff DEMANDS TRIAL BY JURY, Fed. R. Civ. Proc., AND

○ Compensentory Damages, to be set by Jury at $10,000⁰⁰ to $100,000⁰⁰ (ten thousand to one hundred thousand dollars US Currency)

○ Punitive Damages, to be set by Jury at $150,000⁰⁰ to $250,000 (one hundred fifty thousand to two hundred fifty thousand dollars US Curry)

○ Declaratory Judgment by Hon. Fed. Dist. Ct. of Ala. ORDERING the IMMEDIATE release from employment Co.I McLaurin ——

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8th 2016. (DATE)

(SIGN➤) X Micah Mays #221582 pro se.
          Micah Mays pro se 1/3/16  pro se
          SIGNATURE

＊ At all times the
INCIDENTS AND OCCURRANCES
defined herein happened at
INSIDE (St Clair County.)
St. Clair Prison
1000 St Clair Road
Springville Alabama
              35146

(address) ○ MICAH MAYS #221582
           S.C.C.F. Segregation Unit A-1
           1000 St Clair Road
           Springville, Alabama 35146.

(affidaivt of merit)
≤ pursuant 28 USC §1746)